## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**BRIDGETTE DAVIS**
761 Taylor Morgan Way
Sacramento, CA 95838
         Plaintiff,

    v.

**GEICO CASUALTY INSURANCE COMPANY**
5260 Western Avenue
Chevy Chase, MD 20815


        Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Bridgette Davis, by way of her counsel, Morris E. Fischer, hereby submits this federal complaint in violation of under Title VII, 42 U.S.C. § 2000e *et seq.*

## PARTIES

1. Plaintiff Bridgette Davis, ("Plaintiff") ("Davis") was an employee of GEICO CASUALTY INSURANCE ("GEICO").

2. GEICO is an insurance company licensed to do business in the State of Maryland.

3. GEICO currently operates and has offices in the State of Maryland.

1

## JURISDICTION

4. This action arises under the Title VII, 42 U.S.C. § 2000e *et seq..*, which prohibit discrimination based on race.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

7. Defendant resides in this judicial district, and the events giving rise to this action took place within this judicial jurisdiction.

8. Therefore, this court has jurisdiction over these claims under the aforesaid U.S.Cs.

9. On December 1, 2021, the Plaintiff filed a formal complaint with the Maryland Commission on Civil Rights alleging harassment and discrimination based on race. (Exhibit 1).

10. On August 3, 2023, the EEOC notified the plaintiff of the conclusion of EEO inquiry and of plaintiff's right to file a formal complaint. (Exhibit 2).

11. Plaintiff has filed this action within 90 days of receipt of EEO Right to Sue Letter.

12. Therefore, all administrative exhaustion requirements have been met.

## FACTS

13. Plaintiff's race is African American.

14. Plaintiff Davis started working at Geico on January 19, 2021

15. Plaintiff Davis held the GEICO job title of Instructional Designer II

16. Plaintiff Davis was terminated by GEICO on August 31, 2021

17. Throughout her employment, Plaintiff Davis was subjected to harassment and different terms and conditions by her superiors.

2

18. Plaintiff Davis was often berated, with her work being scrutinized and sabotaged.

19. Plaintiff Davis was frequently held to higher standards, blamed for errors, and accused of being intimidating.

20. Plaintiff Davis's coworkers' errors, similar to hers, were not only not scrutinized, but were overlooked and their work was published with the same exact errors that Plaintiff was fired for.

21. Plaintiff Davis's performance review was above satisfactory.

22. Plaintiff Davis's initial orientation period was extended with specific goals, and she in fact did complete the goals set for her in the extended orientation.

23. GEICO attempted to manufacture evidence that Plaintiff Davis did not collaborate with her team members.

24. GEICO attempted to manufacture evidence that Plaintiff Davis caused project delays, even though Plaintiff Davis completed all of her projects on time and in two cases, long before their deadlines.

25. GEICO tried to claim that she did not seek or complete personal development even though that this is also false.

26. GEICO claimed that Plaintiff Davis's work has too many typos, even though similar typos were overlooked in the work of her colleagues.

27. GEICO had the goalpost constantly moved regarding typos, resulting in perfection being expected from Plaintiff Davis but not her coworkers.

28. Plaintiff Davis's team, along with Mary Catherine, were initially happy with her work, but showed resentment to her.

29. This resentment came in forms of snide comments like, "You're a lawyer, but you don't know about claims", "You did that well, but it was only because it was a short project."

30. The resentment eventually led to nitpicking and zero positive feedback on anything Plaintiff Davis did.

31. Plaintiff Davis was asked, within days of starting, to design the landing page for the Claims Learning Library.

32. Beatrice was very happy with the result and showed it proudly to the staff at a staff meeting.

33. During that meeting, she thanked various team members for working on different projects.

34. She did not mention Plaintiff Davis by name or that she had designed the landing page.

35. When Plaintiff Davis met with Beatrice, she expressed that Plaintiff Davis was intimidating and "too businesslike".

36. Plaintiff Davis was told she should reach out to team members and reveal personal details about herself so they could become more comfortable.

37. Plaintiff Davis took great efforts to make sure there were no typos in her second project, the Family Auto Policy, using Grammarly and triple checking. However, Mary Catherine expressed her great concern that she still found errors in this work gray area issues like hyphens and capitalization where disagreement can be had.

38. Davis was not terminated because she did not meet the stated performance goals and expectations during her extended orientation period.

39. Ms. Mary Catherine Miller acted in a sarcastic manner and stated to Davis "You are not skilled and knowledgeable as you think you are."

4

40. Soon after Davis started employment, Ms. Miller stated that Davis had to take more training courses.

41. Davis reported harassment to GEICOs Human Resources on June 30, 2021, and August 27, 2021.

42. Because Ms. Miller did not issue Plaintiff Davis any formal warnings regarding Davis's areas of improvement GEICO extended Davis's orientation period in lieu of termination in and around June 2021.

43. On August 31, 2021, Davis met with Ms. McCoy, HR and Antonia Brown, HR and was informed that she was being terminated.

44. Two of Plaintiff Davis's coworkers, Amber Tate and Stacy Walden, were making errors that were similar to Plaintiff Davis but were not terminated.

### Count I
### Discrimination Based on Race

45. Plaintiff Davis incorporates by reference all preceding paragraphs herein.

46. Plaintiff suffered adverse action when terminated.

47. Similarly situated non-African American employees were not terminated.

48. A causal connection exists between Defendant's discriminatory actions and Plaintiff's race.

49. Defendant's termination of Plaintiff was because of her race.

50. The aforementioned adverse actions against the Plaintiff were motivated by the Plaintiff's race as described by plaintiff, multiple of plaintiff's coworkers, and by examining comparators.

51. In terms of comparators, similarly situated co-workers outside of the Plaintiff's race were not treated in the manner in which Plaintiff was as described above.

5

a. Amber Tate and Stacy Walden received preferential treatment , were not terminated despite errors, and were not African American.

52. The aforementioned adverse actions taken against the Plaintiff caused the Plaintiff tangible harm.

53. GEICO engaged in race-based discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*.

## Count II
## Hostile Work Environment

54. Plaintiff herein incorporates by reference all preceding paragraphs herein.

55. Davis was subjected to a severe and pervasive hostile work environment due to the aforementioned actions against her.

56. Davis was subject to an environment that was objectively and subjectively hostile. As stated above, race based discrimination is made unlawful by Title VII, 42 U.S.C. § 2000e *et seq.*.

57. This conduct had the effect of interfering with her work in the workplace, causing her work to be interrupted and interfered with. As such, these actions affected her rights, benefits and conditions of employment.

58. The Defendant's harassment was unwelcome.

59. The Defendant's harassment was objectively and subjectively hostile.

60. The Defendant's harassment was severe and pervasive.

61. The Defendant was aware of the harassment and the Plaintiff's complaints about it.

62. The Agency did not properly address Plaintiff's said complaint.

63. The Defendant, because it knew or should have known of the aforementioned harassment and failed to implement prompt and corrective action, the Defendant engaged in discrimination against the Plaintiff

64. The aforementioned actions created and continued a hostile environment which materially altered Plaintiff's working conditions and which constitutes harassment.

65. This conduct continued based on Davis's race, which were motivating factors in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

66. This conduct continued based on Davis's discrimination complaints in violation of Title VII.

67. Because of the Agency's actions, Davis suffered as a direct, foreseeable, and proximate result of Defendants' unlawful actions, economic losses, emotional distress, humiliation, shame, and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

    a.  A declaratory judgment that the conduct of GEICO challenged herein was illegal and in violation of the aforementioned laws;

    b.  Economic damages in an amount to be proved at trial, including compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described herein;

    c.  Compensatory damages in an amount to be proved at trial, including compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described herein;

    d.  Reasonable attorneys' fees, expenses, and costs incurred by Plaintiff;

7

e. Reinstatement of the Plaintiff to her previous position with GEICO;

f. Punitive Damages; and

g. Such other and further relief as the Court may deem just.

Respectfully Submitted,

Morris E. Fischer, Esq.
Morris E. Fischer, LLC
MD Bar No. 26286
11510 Georgia Ave, Suite 235
Silver Spring, MD 20902
301-328-7631 Office
301-328-7638 Fax
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Morris E. Fischer, Esq.
Morris E. Fischer, LLC
DC Bar No. 490369
11510 Georgia Ave, Suite 235
Silver Spring, MD 20902
301-328-7631 Office
301-328-7638 Fax
Attorney for Plaintiff